David A. Weibel, OSB# 082316
dweibel@bwmlegal.com
Bishop, White & Marshall, P.S.
720 Olive Way, Suite 1301
Seattle, WA  98101-1803
Telephone – 206/622-5306
Facsimile – 206/622-0354

UNITED STATES DISTRICT COURT
DISTRICT OF OREGON

| | |
|---|---|
| JUAN GARCIA and SHIRLEY J. GARCIA,<br><br>　　　　　　　　　　Plaintiffs,<br><br>　　v.<br><br>SAXON MORTGAGE SERVICES, INC.;<br>FIRST TENNESSEE BANK N.A. dba FIRST HORIZON HOME LOANS,<br><br>　　　　　　　　　　Defendants. | Case No. 08-6399-HD<br><br>DEFENDANT FIRST TENNESSEE BANK N.A. dba FIRST HORIZON HOME LOANS' ANSWER TO PLAINTIFF'S COMPLAINT, AFFIRMATIVE DEFENSES AND COUNTERCLAIM |

**I.   ANSWER**

For its Answer in response to Plaintiff's Complaint herein FIRST TENNESSEE BANK N.A. dba FIRST HORIZON HOME LOANS ("First Horizon") alleges and avers as follows:

1.　　Answering paragraph 1, First Horizon admits that plaintiff has alleged causes of action to establish jurisdiction, but denies there is any merit to such allegations.

2.　　Answering paragraph 2, First Horizon admits Plaintiffs obtained a home loan through First Horizon in February 2007 and that the servicing rights for that loan were transferred to Saxon Mortgage Services Inc. effective May 1, 2007, but First Horizon lacks sufficient information to form a belief as to the truth of the remainder of the allegations contained therein and, therefore, denies them.

ANSWER - 1

3. Answering paragraph 3, First Horizon admits that plaintiff has alleged causes of action to establish venue in this court, but denies there is any merit to such allegations.

4. Answering paragraphs 4 and 5, First Horizon lacks sufficient information to form a belief as to the truth of such allegations and therefore, denies them.

5. Answering paragraph 6, First Horizon denies the allegations contained therein.

6. Answering paragraphs 7 and 8, First Horizon admits the allegations contained therein.

7. Answering paragraph 9, First Horizon denies the allegations contained therein.

8. Answering paragraph 10, First Horizon admits the loan was in default at the time the servicing was transferred to Saxon.

9. Answering paragraph 11, First Horizon denies the allegations contained therein.

10. Answering paragraph 12, 13, 14, 15 and 16, First Horizon lacks sufficient information to form a belief as to the truth of such allegations and therefore, denies them.

11. Answering paragraph 17, First Horizon states the assertion of a right to jury requires no answer.

12. Answering paragraph 18, First Horizon admits and denies the allegations contained therein as set forth above.

13. Answering paragraph 19 and 20, First Horizon denies the allegations contained therein.

14. Answering paragraph 21, First Horizon admits and denies the allegations contained therein as set forth above.

15. Answering paragraphs 22, 23, 24 and 25, First Horizon denies the allegations contained therein.

ANSWER - 2

## II.    AFFIRMATIVE DEFENSES

First Horizon realleges its foregoing Answers and further alleges the following Affirmative Defenses:

16. Plaintiffs have failed to state a claim upon which relief can be granted.

17. First Horizon is not a "debt collector" as defined under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692.

18. Any violation of the FDCPA was a result of a bona fide unintentional error as provided for in 15 U.S.C. §1692k(c).

19. Defendants have acted in good faith conformity with advisory opinions of the Federal Trade Commission as provided for in 15 U.S.C. §1692k(e).

20. Plaintiffs' claims under ORS 646.639 are preempted by federal law and the rules and regulations of The Office of the Comptroller of the Currency.

21. Plaintiffs' damages were caused by their own actions or inaction or the actions or inactions of a third party and resulted from plaintiffs' or third party's own negligence which equaled or exceeded any alleged negligence or wrongdoing of First Horizon.

22. Plaintiffs have failed to mitigate their damages.

23. Plaintiffs' claims are barred because plaintiffs' injury, if any exist, resulted from a bona fide error, notwithstanding the maintenance of reasonable procedures adopted to avoid such error.

24. First Horizon expressly reserves the right to add additional affirmative defenses as it determines to be appropriate at any time in the future.

### III.    COUNTERCLAIM

By way of further Answer and Affirmative Defenses, and for its Counterclaims against the Plaintiffs, First Horizon alleges the following:

25.    Plaintiffs, JUAN GARCIA and SHIRLEY J. GARCIA, are residents of the City of Salem, State of Oregon and have filed this suit against defendants, as identified above, in part, for an alleged violation of the Fair Debt Collection Practices Act ("FDCPA").

26.    First Horizon Home Loans is not a "debt collector" as defined under 15 U.S.C. § 1692a(6) (excluding from the definition of "debt collector" "any person collecting or attempting to collect any debt owed or due or asserted to be owed or due another to the extent such activity ... concerns a debt which was originated by such person"); *Schmitt v. FMA Alliance,* 398 F.3d 995, 998 (8th Cir.2005) (holding that the FDCPA "does not regulate creditors' activities at all" (quoting *Randolph v. I.M.B.S., Inc.,* 368 F.3d 726, 729 (7th Cir.2004)); *Gowing v. Royal Bank of Canada* 1996 WL 616665, 1 (9th Cir., 1996).

27.    Under 15 U.S.C. §1692k(3) a court may award a defendant its reasonable attorney's and costs incurred in defending against an action brought in bad faith and for the purpose of harassment.

28.    Plaintiff executed a home loan agreement with defendant First Horizon in February 2007.

29.    Under the terms of their note and deed of trust, their monthly payment was $1,316.82 for principal and interest, plus an escrow payment of $233.03 for taxes and insurance, for a total monthly payment amount of $1,549.85.

30.    Under the terms of their note and deed of trust, the plaintiffs' first payment was due April 1, 2007. If they failed to make their monthly payment by 15 calendar days from the

ANSWER - 4

due date, a late charge of five percent of the payment amount was assessed. Five percent of $1,316.82 is $65.84.

31. On April 19, 2007, First Horizon received a payment of $800.00 in the form a personal check no. 1001 from the plaintiffs. See <u>Exhibit A</u> attached hereto. Because the payment was more than 15 days late a late charge of $65.84 was assessed to the account, leaving a balance owing of $815.66.

32. On April 23, 2007, plaintiffs made a second "Just in Time" telephone payment of $800.00 that was posted to the account on that date. This additional was insufficient to fully bring the account current as there was still a delinquent balance owing of $15.66. See <u>Exhibit B</u> attached hereto. First Horizon received no further payments from plaintiffs after that date.

33. On April 12, 2007, First Horizon mailed the plaintiffs written notice that the servicing of their loan account was being transferred to Saxon Mortgage Services Inc. effective May 1, 2007. See <u>Exhibit C</u> attached hereto.

34. Plaintiffs have brought this action under the Fair Debt Collection Practices Act in bad faith and for the purposes of harassment. First Horizon is not a debt collector subject to the provisions of the act and by under the plaint terms and conditions of the loan agreement, plaintiffs have failed to timely make their required monthly payments resulting in the account being delinquent at the time that servicing was transferred to Saxon Mortgage Services Inc. Accordingly, pursuant to 15 U.S.C. § 1692k(a)(3) First Horizon is entitled to an award of its reasonable attorney's fees and costs incurred in defending this action.

### IV.    PRAYER FOR RELIEF

WHEREFORE, having fully set forth its Answer, Affirmative Defenses and Counterclaim, defendant First Horizon prays that the Complaint be dismissed with prejudice and

ANSWER - 5

that First Horizon has judgment against the Plaintiff for reasonable attorney's fees and costs herein; and, that the Court grant First Horizon judgment against Plaintiff for such other and different relief as the Court deems just and equitable.

DATED this 27th day of February, 2009.

                              BISHOP, WHITE & MARSHALL, P.S.

                              _/s/David A. Weibel_____
                              David A. Weibel, OSB# 082316
                              Attorney for Defendant First Horizon

ANSWER - 6

## DECLARATION OF SERVICE

I hereby certify that on February 27, 2009 I filed the foregoing Answer via the U.S. District Court's CM/ECF Electronic Filing System. I further certify that by filing said documents via the Court's CM/ECF Electronic Filing System, a copy thereof was served by either electronic notice through ECF or by mailing to said individuals a true copy thereof, addresses to their last known regular address and deposited in the Post Office at Seattle, Washington as follows:

Keith D. Karnes
1599 State Street
Salem, OR  97301
kkarnes@olsendaines.com
*Attorney for Plaintiff*
**VIA ECF**

David J. Elkanich
Hinshaw & Culbertson, LLP
1000 SW Broadway, Suite 1250
Portland , OR 97205-3078
delkanich@hinshawlaw.com
*Attorney for Defendant Saxon Mortgage Services, Inc.*
**VIA ECF**

Signed this 27th day of February, 2009 at Seattle, Washington.

　　　　　　　　　　　　　　　　　　　　/s/Angela Craig
　　　　　　　　　　　　　　　　　　　　Angela Craig
　　　　　　　　　　　　　　　　　　　　Legal Assistant

ANSWER - 7