The Honorable John C. Coughenour

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| KAREN HANDLIN, BRIAN HANDLIN, and MAXINE FORTUNE,<br><br>Plaintiffs,<br><br>v.<br><br>MURPHY PIERSON, MICHELLE MERCERI, KATHERINE MERCERI, ALTERNATIVE INVESTORS, INC. (a partnership), FOCUS MORTGAGE, LLC, AZ-WA INVESTORS (a partnership), RAINIER TITLE, L.L.C., GMAC MORTGAGE CORPORATION, MARK MERCERI, JAMES AYLESWORTH, SEAN "CASEY" JONES, and MORTGAGECLOSE.COM, INC.,<br><br>Defendants. | Case No. C08-1861-JCC<br><br>**ORDER DENYING DEFENDANT MICHELLE MERCERI'S MOTION TO DISMISS** |

  This matter comes before the Court on Defendant Michelle Merceri's Motion to Dismiss Co-Defendants Jones and Aylesworth's Cross Claims (Dkt. No. 103), Jones and Aylesworth's Response (Dkt. No. 106), and Merceri's Reply (Dkt. No. 109). Having thoroughly considered the papers, and the files and records therein, and the Court being fully advised, it is hereby ORDERED, that Defendant Michelle Merceri's Motion to Dismiss is DENIED for the reasons that follow.

ORDER DENYING DEFENDANT
MERCERI'S MOTION - 1

580746.01

## I. BACKGROUND

Prior to July 25, 2007, Defendants Michelle Merceri, Katherine Merceri, Murphy Pierson, Sean "Casey" Jones, and a non-party, Daniel Goldman, formed a partnership called "AZ-WA Investors." (Dkt. No. 28 ¶16.) On May 9, 2005, a second partnership called "Alternative Investors, Inc." was formed by Defendants Michelle Merceri, Katherine Merceri, Mark Merceri, Sean "Casey" Jones, and James Aylesworth. The purpose of both partnerships was to engage in a series of real-estate investments involving sale-leasebacks with Washington homeowners.[1]

Jones and Aylesworth allege that when they gained access to documents relating to partnership properties, they discovered that real estate had been purchased in their individual names, rather than for the partnership. (Resp. 3 (Dkt. No. 106).) Jones and Aylesworth further allege that their signatures had been forged on real estate documents and that they uncovered instances of commingling and self-dealing by Merceri. (Resp. 3–4 (Dkt. No. 106).)

On April 11, 2008, several former homeowners filed suit against Alternative Investors, Jones, Aylesworth, Merceri, and others, alleging fraud and dishonesty in the acquisition of their home. *See Brandon L. McDowell, et al. v. Alternative Investors, et al.*, King County Superior Court Cause No. 08-2-12450-9 SEA; *see also* Brotherton Decl. Ex. C (Dkt. No. 107). Jones and Aylesworth filed cross-claims against Merceri for breach of contract, negligence, misrepresentation, conversion, unjust enrichment, and breach of fiduciary duty. (Resp. 4 (Dkt. No. 106).)

This lawsuit was filed on November 7, 2008 by a different group of former homeowners, also alleging mistreatment from Alternative Investors. (*Id.*) Jones and

---

[1] A sale-leaseback is a transaction wherein the owner of a property sells that property and then leases it back from the buyer. The transaction has a number of purposes, including tax benefits, or freeing up the original owner's capital while allowing the owner to retain possession and use of the property.

Aylesworth have again filed cross-claims against Merceri, alleging the same causes of action as the McDowell lawsuit. (*Id.* at 4–5.)

On November 12, 2008, Jones and Aylesworth filed a third lawsuit, in King County Superior Court under Cause No. 08-2-3881-0 SEA. (*Id.* at 5.) Jones and Aylesworth describe the Complaint as going beyond the transactions in the *McDowell* and *Handlin* lawsuits, and covering "all her wrongdoings." (*Id.* at 5.)

Merceri now seeks to dismiss Jones and Aylesworth's cross-claims in the present case.

**II. DISCUSSION**

Merceri argues that the cross-claims should be dismissed for two reasons. First she argues that the doctrine of claim preclusion bars multiple actions involving the same cause of action, relief sought, and parties. *See Adams v. Cal. Dep't of Health Servs.*, 487 F.3d 684, 689 (9th Cir. 2007). The most important way for courts to determine if two causes of action are identical is if they arise out of the same transactional nucleus of fact. *Id.* (quoting *Costantini v. Trans World Airlines*, 681 F.2d 1199, 02 (9th Cir. 1982)). In *Adams*, the Plaintiff filed suit after she was denied employment with the California Department of Health Services. *Id.* at 688. She later sought to add four additional claims, all relating to the same denial of employment, to her complaint after the amendment deadline had passed. *Id.* When the motion to amend was denied, she filed a new complaint, alleging the same additional claims she had sought to add in her previously denied motion. *Id.* The Ninth Circuit found that the new complaint was duplicative, and affirmed the district court's dismissal. *Id.*

Jones and Aylesworth argue that the facts of this case are nothing like *Adams*. (Resp. 8 (Dkt. No. 106).) The Court agrees. The purpose of Jones and Aylesworth's cross-claims is not to resurrect failed claims from a previous complaint, to circumvent a court's decision, or to duplicate existing claims. The purpose of their complaint is to protect their interests in a range of litigation involving different loans, different homes, and different plaintiffs. (*Id.*) These

cases do not share the same nucleus of fact, and if Jones and Aylesworth were, as they claim, also victims of Merceri's fraud, then they should have an opportunity to defend themselves.

The second reason Merceri offers for the dismissal of these cross-claims is the "first to file" rule. "Where the state court and the federal court had concurrent jurisdiction, the jurisdiction of the court first attached must prevail." *In re Cochran*, 40 F.2d 282, 284 (W.D. Wash. 1930). While the *McDowell* cross-claim was filed on May 8, 2009, and the *Jones* complaint was filed on November 12, 2008, Aylesworth and Jones's cross-claims were not filed in this case until July 8, 2009 and October 28, 2009, respectively. In the interests of comity and efficiency, Merceri argues, the cross-claims should be dismissed. (Mot. 16 (Dkt. No. 103).)

Jones and Aylesworth repeat their argument: these cases are not identical. *Pacesetter Systems, Inc. v. Medtronic, Inc.,* 678 F.2d 93, 95 (9th Cir. Cal. 1982) (noting that no purpose is served by proceeding with a second action when two actions are "identical"). Jones and Aylesworth have been named as defendants in different suits involving different plaintiffs, and they are concerned that without cross-claims, Merceri could argue that they have waived their right to seek indemnity or offset in this case or the *McDowell* case. (Resp. 10 (Dkt. No. 106).) The Court agrees. Mindful of the principles of comity and the need to conserve judicial resources, the Court concludes that preservation of Jones and Aylesworth's cross-claims is the only way to fully protect their rights.

//

//

//

ORDER DENYING DEFENDANT
MERCERI'S MOTION - 4

580746.01

Accordingly, Defendant's motion (Dkt. No. 103) is DENIED.

DATED this 19th day of January, 2010.

*[signature]*

Honorable John C. Coughenour
UNITED STATES DISTRICT JUDGE

ORDER DENYING DEFENDANT
MERCERI'S MOTION - 5

580746.01